IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAKHMANKUL ZHUSUPUULU,<br><br>                Petitioner,<br><br>     v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; and WARDEN OF MCCOOK WORK ETHICS CAMP,<br><br>                Respondents. | 8:26CV17<br><br>MEMORANDUM<br>AND ORDER |

      On January 14, 2026, Rakhmankul Zhusupuulu ("Zhusupuulu"), a native and citizen of Kyrgyzstan, filed a Petition for Writ of Habeas Corpus (Filing No. 1) naming Kristi Noem, Secretary of the United States Department of Homeland Security ("DHS"); David Easterwood, Acting Director of the St. Paul Field Office for Immigration and Customs Enforcement ("ICE"); and "Warden of McCook Work Ethics Camp" (the "warden" and collectively, "respondents"). *See* 28 U.S.C. § 2241.

      Zhusupuulu primarily seeks immediate release from the McCook Work Ethics Camp in McCook, Nebraska, where he is reportedly being held while his removal proceedings are pending.[1]  He also asks this Court for an order (1) enjoining the

---

[1] He alternatively asks the Court to "issue a temporary restraining order directing Respondents to conduct a bond hearing," presumably under Federal Rule of Civil Procedure 65(b)(1). The Court may issue a temporary restraining order ("TRO") without notice to "the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show" an irreparable harm will result to the movant "before the adverse party can be heard in opposition" *and* "(B) the movant's attorney certifies in writing any effort made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Zhusupuulu has done neither. Thus, the embedded request for a TRO is denied. *See also* Fed. R. Civ. P. 7.1(b)(1) (providing that a "request for a court order

respondents from transferring him outside the District of Nebraska during the pendency of his habeas proceedings; (2) declaring his detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution and the Immigration and Nationality Act of 1952, 8 U.S.C. § 1101 *et seq.*; and (3) awarding him attorney fees and costs.

The habeas statute provides that the Court "shall forthwith award the writ" or order respondents to "show cause why the writ should not be granted unless it appears from the application that [Zhusupuulu] is not entitled" to relief. 28 U.S.C. § 2243. The show-cause order must be "directed to the person having custody of [Zhusupuulu]" and it must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* Moreover, the person to whom the order is directed "shall make a return certifying the true cause of [Zhusupuulu's] detention." *Id.*

The Court cannot say from the face of Zhusupuulu's petition that he is not entitled to relief. *See id.* Accordingly, the Court will order Zhusupuulu to serve his petition and a copy of this Memorandum and Order on his immediate physical custodian—the warden. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (noting that "in habeas challenges to present physical confinement," "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."); *id.* at 434 (explaining that "there is generally only one proper respondent" in a habeas petition). The physical-custodian rule does not change merely because this petition occurs in the immigration context. *See id.* at 439 ("We have never intimated that a habeas petitioner could name someone other than his immediate physical custodian as respondent simply because the challenged physical custody does not arise out of a criminal conviction."). Naming a legal custodian "only comes into play when there is no immediate physical custodian." *Id.*

---

must be made by motion"); *Wolgin v. Simon*, 722 F.2d 389, 394 (8th Cir. 1983) (concluding a request embedded in a brief was not a proper motion, and the trial court did not abuse its discretion by denying it).

Here, Zhusupuulu challenges his present physical custody. Applying the physical-custodian rule to his allegations, the warden appears to be the proper respondent because he has immediate physical custody of Zhusupuulu, "not the Attorney General or some other remote supervisory official." *See id.* at 435.

Upon notice, the warden shall show-cause why Zhusupuulu's writ should not be granted. After Zhusupuulu files any reply, the Court will determine whether to hold a hearing on the matter.

The Court finds the need to serve the warden and the complexity of the legal issues raised by Zhusupuulu's petition constitute good cause for setting a briefing schedule that allows a response beyond the three days ordinarily allowed under 28 U.S.C. § 2243. Accordingly,

IT IS ORDERED:

1. Petitioner Rakhmankul Zhusupuulu shall serve his Petition for Writ of Habeas Corpus (Filing No. 1) and a copy of this Memorandum and Order on the Warden of the McCook Work Ethics Camp in McCook, Nebraska, and file proof of such service with the Court.
2. The Warden shall show cause why the petition should not be granted within three business days after being served.
3. Zhusupuulu shall have three business days from the date of the response to file a reply.
4. The Court will then determine whether to hold a hearing on this matter.

Dated this 16th day of January 2026.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
Chief United States District Judge