IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RAKHMANKUL ZHUSUPUULU,

                Petitioner,

      v.

MARKWAYNE MULLIN, Secretary, U.S.
Department of Homeland Security;[1] DAVID
EASTERWOOD, Acting Director, St. Paul
Field Office, Immigration and Customs
Enforcement; and  WARDEN OF
MCCOOK WORK ETHICS CAMP,

                Respondents.

**8:26CV17**


**ORDER**

       This matter is before the Court on petitioner Rakhmankul Zhusupuulu's ("Zhusupuulu") Petition for Writ of Habeas Corpus (Filing No. 1).  *See* 28 U.S.C. §§ 2241(c)(3), 2201-2202.  Zhusupuulu, a native and citizen of Kyrgyzstan, reports he is being physically detained at the "McCook Work Ethics Camp" in McCook, Nebraska.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493-500 (1973).

       Zhusupuulu asserts two claims for relief—both based on his belief that he is being unlawfully detained pursuant to the Immigration and Nationality Act ("INA") § 235(b)(2), 8 U.S.C. § 1225(b)(2).  He first argues that his detention violates his "due process rights"[2] under Fifth Amendment to the United States Constitution because "for decades, § 1225 has only applied to noncitizens 'seeking admission into the country'—i.e., new arrivals."  In

---

     [1]Markwayne Mullin was sworn in March 24, 2026.  He is automatically substituted for his predecessor, Kristi Noem, pursuant to Federal Rule of Civil Procedure 25(d).  The Clerk of Court is directed to make that change on the docket sheet.

     [2]Zhusupuulu does not specify whether his detention violates his *procedural*-due-process rights or some sort of *substantive*-due-process right to be released into the interior of the United States pending his removal proceedings—or both.

his view, he is entitled to a bond hearing under 8 U.S.C. § 1226 because he is already in the country. His second argument mirrors the first. He claims his detention violates the INA because § 1225(b)(2) does not apply to him. He asks the Court to declare his detention unlawful under § 1225(b)(2) and order his immediate release.

While plausible when made, Zhusupuulu's arguments about being detained under the wrong statute and being entitled to a bond hearing are foreclosed by the Eighth Circuit's recent determination in *Avila v. Bondi*, No. 25-3248, 2026 WL 819258, at *6 (8th Cir. Mar. 25, 2026), that applicants for admission like Zhusupuulu who are already present in the United States are subject to mandatory detention under § 1225(b)(2)(A).

Accordingly,

IT IS ORDERED:

1.  Petitioner Rakhmankul Zhusupuulu's Petition for a Writ of Habeas Corpus (Filing No. 1) is denied.

2.  This case is dismissed.

3.  A separate judgment will issue.

Dated this 1st day of April 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge